PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAMONE WRIGHT, | ) | |
| | ) | CASE NO.  1:21CV2410 |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| WARDEN MICHELLE HENRY, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Respondent. | ) | [Resolving ECF Nos. 1, 3] |

On December 27, 2021, Petitioner filed a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF. No. 1) concerning his 2011 conviction for domestic violence and attempted aggravated menacing in the Cuyahoga County Court of Common Pleas.[1]  Petitioner has also filed a Motion to Proceed *in forma pauperis* (ECF No. 3).

Promptly after the filing of a petition for a writ of habeas corpus, the Court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face).  No response is necessary where a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response.  *Id.*  The principle of liberal construction generally afforded *pro se* pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

---

[1] *Pro se* petitioner Ramone Wright is presently incarcerated at FCI Coleman.

(1:21CV2410)

The Court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).  Before a federal court will review the merits of a petition for a writ of habeas corpus, a person must exhaust his State remedies.  *Manning v. Alexander*, 912 F.2d 878, 880-81 (6th Cir. 1990) (citing 28 U.S.C. § 2254(b), (c)); *see also Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)).

Exhaustion requirements are fulfilled once a state supreme court has provided a convicted person a full and fair opportunity to review his claims on the merits.  *Id.* (citing, among other authorities, *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 302-03 (1984).  Exhaustion requires "fair presentation" of the federal claim "to the state courts, including the state court of appeals and the state supreme court."  *Bray v. Andrews*, 640 F.3d 731, 734-35 (6th Cir. 2011); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To fairly present a federal claim, a petitioner must present the State courts with "both the legal and factual basis" for the claim. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015).  The petitioner bears the burden of establishing that he has properly and fully exhausted his available state court remedies with respect to his habeas claims for relief.  *See Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

Here, Petitioner alleges newly discovered evidence and indicates that he did not raise this claim in any State court.  Because Petitioner has not given the state courts a fair opportunity to consider the merits of the claims he has presented, he has not properly exhausted his State court remedies.  Therefore, the Court must dismiss the petition under Section 2254.

2

(1:21CV2410)

Petitioner has filed a motion to proceed in this matter *in forma pauperis*.  "A litigant who files a lawsuit in federal court generally must pay a filing fee." *Simons v. Washington*, 996 F.3d 350, 352 (6th Cir. 2021) (citing 28 U.S.C. § 1914(a)).  "Insolvent litigants, including prisoners, may request permission to proceed without initially paying a filing fee, a benefit that comes with in forma pauperis status." *Id*. (italics in original) (citing 28 U.S.C. § 1915(a)-(b)).  "The decision to grant or deny an application to proceed in forma pauperis lies within the sound discretion of the district court." *Shah v. Univ. of Toledo*, No. 3:21 CV 581, 2021 WL 6335015, at *1 (N.D. Ohio Dec. 15, 2021) (quoting *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988)).  See L.R. 3.15 (italics added) ("[d]eterminations on [in forma pauperis] applications may be made by either the randomly assigned district judge or magistrate judge").  Accordingly, Petitioner's a motion to proceed *in forma pauperis* (ECF No. 3) is granted.

The Court dismisses the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 cases.  Further, the Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


   August 12, 2022                   */s/ Benita Y. Pearson*      
Date                                     Benita Y. Pearson
                                           United States District Judge

3